IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELA JO DAVIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-25-4895 |
| § | |
| PENNYMAC LOAN SERVICES, § | |
| LLC, *et. al.*, § | |
| § | |
| Defendants. § | |

### ORDER

Pending before the Court are Defendant Pennymac Loan Services, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 19), and Defendants Everett Financial, Inc., and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Document No. 21). Having considered the motions, submissions, and applicable law, the Court determines that both motions should be granted.

### I. BACKGROUND

This is an alleged wrongful foreclosure case. On October 14, 2025, *pro se* Plaintiff Angela Jo Davis ("Davis") filed suit against Defendants Pennymac Loan Services, LLC ("Pennymac"), Mortgage Electronic Registration System, Inc. ("MERS"), Everett Financial, Inc. d/b/a Supreme Lending ("Everett"), and "Does 1-10." Davis alleges a litany of allegations surrounding an alleged wrongful

foreclosure of real property located at 1041 Shore Shadows Drive, Huffman, Texas 77336 ("the Property"), which include causes of action for: (1) declaratory judgment; (2) constructive fraud and fraud in the factum; (3) fraudulent assignment and robosigning; (4) violations of the Truth in Lending Act; (5) violations of the Real Estate Settlement Procedures Act; (6) violations of the Federal Debt Collection Practices Act; (7) constructive fraud; (8) quiet title; (9) wrongful foreclosure and attempted conversion of property; and (10) unjust enrichment.[1] On November 12, 2025, Davis amended her complaint to assert additional claims for "slander of title" and "post-servicing misrepresentation."[2]

On November 6, 2025, Defendant Pennymac moved to dismiss Davis's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] On December 3, 2025, Defendants Everett and MERS moved to dismiss Davis's complaint, contending that Davis's claims are barred by the doctrine of res judicata.[4]

---

[1] *See Pro Se Plaintiff's Complaint for Declaratory and Equitable Relief for Fraud, Wrongful Foreclosure, Securitization Misconduct, Double Pledging of Collateral, and Violations of the Truth in Lending Act and Real Estate Settlement Procedures Act, With Affidavit of Fact and Conclusions of Law*, Document No. 1 at 12-15.

[2] *See Pro Se Plaintiff's Amended Complaint*, Document No. 13 at 18-22.

[3] *See Defendant Pennymac Loan Services, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 19 at 1-14.

[4] *See Defendants' Motion to Dismiss Plaintiff's Amended Complaint*, Document No. 21 at 1-28.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Defendants move separately to dismiss Davis's complaint against them, contending that: (1) Davis has not satisfied the general pleading standard under Federal Rule of Civil Procedure 8(a); and (2) Davis has already litigated identical claims against Defendants in this Court, and thus, are barred from bringing these claims again under the doctrine of res judicata. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"[R]es judicata bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The doctrine of res judicata applies when "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Sacks v. Tex. S. Univ.*, 83 F.4th 340, 344 (5th Cir. 2023) (citing *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)). The doctrine of res judicata "bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication… not merely those that were adjudicated." *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983) (en banc).

Here, Defendants contend that Davis previously sued Pennymac and Everett in her individual capacity in a case that was removed from state court to the Southern District of Texas and assigned to this Court. *See El Shadd Al Express Tr. v. Everett Fin., Inc.*, 2025 U.S. Dist. LEXIS 1885831 (S.D. Tex. Sept. 25, 2025) (hereinafter "the First Lawsuit").[5] A review of the record of the First Lawsuit before this Court reveals that a final judgment was rendered by this Court ordering that Defendant Pennymac's Motion for Summary Judgment be granted in its entirety. *See id.* Defendants further contend that the First Lawsuit and present lawsuit share a common nucleus of operative facts evidenced by Davis's assertion of identical causes of action between the two lawsuits. In the First Lawsuit, Davis brought suit challenging her lender's right to foreclose on the subject property alleging defects in the note and deed of trust. A review of Davis's amended complaint in this matter reveals an identical fact pattern as those facts presented in the First Lawsuit.

In response, Davis contends that the parties are not identical or in privity between the First Lawsuit and the present lawsuit, because Davis did not sue in her individual capacity, but instead as the "trust protector" of the "El Shaddai Express

---

[5] The Court notes that while the parties are not identical in the present and First Lawsuit, the only additional defendant in the present lawsuit is Defendant MERS, which Defendants contend is in privity with Pennymac as the original beneficiary and the subsequent beneficiary of the underlying loan.

Trust."[6] On balance though, a review of Davis's complaint in the First Lawsuit reveals her self-identification as "Angela Jo Davis" and a shared identity of interest in the alleged ownership of the property. Davis's only other contention regarding why the doctrine of res judicata should not apply in this case is that the present lawsuit arises from "new facts, new assignments, new statutory violations, new injuries, and a 2025 foreclosure process."[7] A review of the complaints found in the First Lawsuit and present lawsuit reveals identical attached exhibits, all of which were dated decades prior, containing information that was available at the time of Davis's filing of the First Lawsuit. Defendants further contend that to the extent Davis's present lawsuit contains additional claims separate from the First Lawsuit, the Fifth Circuit has made clear that claims are barred if they "could have been previously asserted in the prior lawsuits." *See Nguyen v. Bank of Am., N.A.*, 539 F. App'x 325, 328 (5th Cir. 2013).

Having considered the pending motions, submissions, and applicable law, the Court finds that Davis's claims are barred pursuant to the doctrine of res judicata because: (1) the parties are identical or in privity; (2) the judgment in the prior action

---

[6] *See Defendant Pennymac Loan Services, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 19, Exhibit A, at 5 [Plaintiff's First Lawsuit Complaint].

[7] *See Pro Se Plaintiff's Response to Defendants Pennymac Loan Services and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Amended Complaint*, Document No. 21 at 12-13.

was rendered by this Court, a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claims are involved in both actions.[8] Accordingly, the Court finds that Defendants' motions to dismiss should be granted and Davis's claims against them should be dismissed.

Davis also asserts claims against "Does 1-10." The Court notes that Davis filed this case in this Court on October 14, 2025. Pursuant to Federal Rule of Civil Procedure 4(m), service was required to be made upon all Defendnats ninety days later, by January 12, 2026. A review of the record in this case reveals that Davis has failed to serve any of the unidentified Doe Defendants either by the timeline required under the Federal Rules or by the date of this Order. Based on the foregoing, the Court finds that Davis's claims against the unidentified Doe Defendants should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Pennymac Loan Services, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 19) is **GRANTED**. The Court further

---

[8] Considering the Court's finding that the doctrine of res judicata bars Plaintiff's claims, the Court declines to consider Defendants' arguments related to pleading sufficiency and timeliness.

**ORDERS** that Defendants Everett Financial, Inc., and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Document No. 21) is **GRANTED**. The Court further

ORDERS that Plaintiff Angela Jo Davis's claims against Defendants are **DISMISSED**.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this __2__ day of February, 2026.

DAVID HITTNER
United States District Judge